# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HODGINS, | Case No. 1:17-cv-00679-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | (Doc. 45) |
| STEVEN YAPLEE, M.D., | |
| Defendant. | |

On January 3, 2019, Defendant Steven Yaplee, M.D. ("Defendant") filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (the "Motion").[1] (Doc. 45.) On January 15, 2019, Plaintiff Andrew Hodgins ("Plaintiff") filed a statement of non-opposition to the Motion. (Doc. 47.)

"Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge the court's subject matter jurisdiction 'on the basis that supplemental jurisdiction . . . is improper' according to 28 U.S.C. § 1367." *Oliver v. Longs Drug Stores Cal., Inc.*, No. 07CV2302, 2008 WL 544399, at *1 (S.D. Cal. Feb. 25, 2008) (quoting *Sparrow v. Mazda Am. Credit*, 385 F.Supp.2d 1063, 1066 (E.D. Cal. 2005)). The lack of subject matter jurisdiction may be raised "at any time."

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (Docs. 21, 23.)

Fed. R. Civ. P. 12(h)(3). The district court may elect to decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction, the court should consider the interests of judicial economy, convenience, fairness, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997).

Here, all federal claims have been dismissed leaving only Plaintiff's state law claims for medical negligence and lack of informed consent, and the Court finds the interests of judicial economy, convenience, fairness, and comity, all weigh in favor of dismissal. This is particularly true in view of Plaintiff's non-opposition to the Motion. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and Defendant's Motion (Doc. 45), is GRANTED.

Based on the foregoing, it is HEREBY ORDERED THAT:

1. Plaintiff's remaining state law claims for medical negligence (Claim Three) and lack of informed consent (Claim Four) against Defendant, are DISMISSED without prejudice; and

2. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated: **January 16, 2019**  /s/ *Sheila K. Oberto*
                              UNITED STATES MAGISTRATE JUDGE